IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. ALETH GUIRIBA,<br><br>    Plaintiff,<br><br>v.<br><br>SANOFI-AVENTIS,<br><br>    Defendant.<br>_____/ | No. C 09-05131 JSW<br><br>**ORDER RESOLVING<br>DISCOVERY DISPUTE** |

The Court has received the parties' letter brief dated February 22, 2010, which supplements the discovery dispute set forth in the Joint Case Management Conference Statement dated February 5, 2010. By that letter brief, Defendant, sanofi-aventis ("sanofi-aventis"), seeks an order precluding Plaintiff, J. Aleth Guiriba ("Guiriba"), from taking discovery regarding sanofi-aventis' marketing practices and alleged retaliation for Guiriba's whistleblowing activities.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Rule 26(c) permits a court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one

or more of the following: ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters...."

In his Complaint, Guiriba asserts a claim for disability discrimination and failure to accommodate under California's Fair Employment and Housing Act. The Court concludes that the areas of discovery in dispute would not be relevant to either of those claims. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir. 2000); *Spitzer v. The Good Guys, Inc.*, 80 Cal. App. 4th 1376, 1384 (2000). The Court also concludes that discovery into this subject area is likely to place an undue burden on sanofi-aventis. Accordingly, sanofi-aventis' request to limit discovery is GRANTED.

**IT IS SO ORDERED.**

Dated:   February 24, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE